**EXHIBIT**
**A**

## GD-19-008355

**Cain vs Troy-Bilt LLC etal**

**Filing Date:**
06/07/2019

**Filing Time:**
03:35:24

**Related Cases:**

**Consolidated Cases:**

**Judge:**
No Judge

**Amount In Dispute:**
$ 0

**Case Type:**
Product Liability

**Court Type:**
General Docket

**Current Status:**
Complaint

**Jury Requested:**
Y

Collapse All

**— Parties**  Count : 7

### --Litigants--

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|-------|-------|-----|------|---------|---------------------------|----------|
| Cain | John | D. | Plaintiff | 530 Foundry Street Pittsburgh PA 15215 | -- | Peter D Friday |
| Troy-Bilt LLC | | | Defendant | 4400 Easton Commons Way Suite 125 Columbus OH 43219 | -- | Frederick W. Bode III |
| Lowe's Home Centers LLC | | | Defendant | 1005 Village Center Drive Tarentum PA 15084 | 06/26/2019 1149 | Frederick W. Bode III |

Showing 1 to 3 of 3 rows

### --Attorney--

| LName | FName | MI | Type | Address | Phone |
|-------|-------|-----|------|---------|-------|
| Friday | Peter | D | Plaintiff's Attorney | Friday & Cox LLC 1405 McFarland Rd Pittsburgh PA 15216 | 41256Top0 |
| Watt | Ian | M. | Plaintiff's Attorney | | -- |
| Watt | Ian | | Plaintiff's Attorney | | -- |
| Bode III | Frederick | W. | Defendant's Attorney | Dickie, McCamey & Chilcote Two PPG Place Suite 400 Suite 400 Pittsburgh PA 15222-5402 | 4122817272 |

Showing 1 to 4 of 4 rows

### --Non Litigants--

| LName | FName | MI | Type | Address | Phone |
|-------|-------|-----|------|---------|-------|

| LName | FName | MI | Type | Address | Phone |
|-------|-------|-----|------|---------|-------|
| No matching records found | | | | | |

## — Docket Entries  Count : 8

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|-------------|-------------|-------------|--------------|----------|
| 7/19/2022 | Complaint | | John Cain D. | Document 8 |
| 7/6/2022 | Praecipe for Appearance | On Behalf of John D. Cain | Peter Friday D | Document 7 |
| 7/1/2019 | Praecipe for Appearance | also filed on behalf of Lowe's Home Centers LLC | Frederick Bode III W. | Document 6 |
| 6/26/2019 | Sheriff Return | LOWES HOME CENTER was served with Writ of Summons on 06/26/2019 by Served - Manager / other person authorized to accept deliveries of United States Mail. WILLIAM SULLIVAN | Peter Friday D | Sheriff Return |
| 6/18/2019 | Praecipe for Appearance | also filed on behalf of Troy-Bilt LLC | Frederick Bode III W. | Document 4 |
| 6/18/2019 | Proof of Service | of defendant, Troy-Bilt, LLC pursuant to PA. R.C.P. 405(c) | Peter Friday D | Document 3 |
| 6/18/2019 | Proof of Service | of Defendant, Lowe's Home Centers, LLC pursuant to PA.R.C.P. 405(c) | Peter Friday D | Document 2 |
| 6/7/2019 | Praecipe for Writ of Summons | | Peter Friday D | Document 1 |

Showing 1 to 8 of 8 rows

## — Event Schedule  Count : 0

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|-----------------|-------------------|-------------|-----------------------|
| No matching records found | | | |

## — Services

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|------|------|-----------------|---------------|-----------|--------------|--------------|--------|
| Praecipe for Writ of Summons | Lowe's Home Centers LLC | 1005 Village Center Drive Tarentum, PA 15084 Tarentum Boro | LOWES HOME CENTER | T107994 | 6/26/2019 12:00:00 AM | 1149 | Served - Manager / other person authorized to accept deliveries of United States Mail |

Showing 1 to 1 of 1 rows

Collapse All

Top

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JOHN D. CAIN,

                Plaintiff,

        vs.

TROY-BILT, LLC and LOWE'S HOME CENTERS, LLC

                Defendants.

CIVIL DIVISION

Docket No.:

Code No.:

**PRAECIPE TO ISSUE WRIT OF SUMMONS**

Filed on behalf of Plaintiff:

John D. Cain

Counsel of Record for this Party:

Peter D. Friday, Esquire
PA I.D. #: 48746

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Tele # (412) 561-4290
Fax # (412) 561-4291
pfriday@fridaylaw.com

**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JOHN D. CAIN,

CIVIL DIVISION

Docket No. :

Plaintiff,

Code No.:

vs.

TROY-BILT, LLC and LOWE'S HOME
CENTERS, LLC

Defendants.

### PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in Civil Action against the above-named

defendants at the following addressed:

Lowe's Home Centers, LLC
1005 Village Center Drive
Tarentum, Pennsylvania 15084

Troy-Bilt, LLC
C/O CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

Respectfully submitted,

Dated: June 7, 2019

Peter D. Friday, Esquire
pfriday@fridaylaw.com
PA I.D. #: 48746
*Attorney for the Plaintiff*

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Tele # (412) 561-4290
Fax # (412) 561-4291

# IN THE COMMON PLEAS COURT OF ALLEGHENY COUNTY, PENNSYLVANIA

JOHN D. CAIN,

**CIVIL DIVISION**

            Plaintiff,

Docket No. :  GD-19-008355

     vs.

TROY-BILT, LLC and LOWE'S HOME
CENTERS, LLC,

**COMPLAINT IN CIVIL ACTION**

           Defendants.

Filed on behalf of Plaintiff:

John D. Cain

Counsel of Record for this Party:

Peter D. Friday, Esquire
Pa I.D. # 48746

Ian M. Watt, Equire
Pa I.D. # 324364

Friday & Cox, LLC
1405 McFarland Road
Pittsburgh, Pennsylvania, 15216
Tele:  (412) 561-4290
Fax:   (412 )561-4291
iwatt@fridaylaw.com

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

JOHN D. CAIN

                    Plaintiff,

     vs.

TROY-BILT, LLC and LOWE'S HOME
CENTERS, LLC

                    Defendants.

**CIVIL DIVISION**

Docket No. : GD-19-008355

## **COMPLAINT**

Plaintiff John Cain, by and through his attorneys, Peter D. Friday, Esquire, Ian M. Watt and Friday & Cox LLC, hereby complains and alleges as follows:

1.       Plaintiff John Cain is an adult individual who resides at 530 Foundry Street, Pittsburgh, PA 15215.

2.       Defendant, Troy-Bilt, LLC ("Troy"), is an Ohio limited liability company, with a registered agent accepting service at 3366 Riverside Drive, Suite 103 Upper Arlington, Ohio 43221, conducts business in the Commonwealth of Pennsylvania, and at all relevant times was regularly conducting business in and throughout Allegheny County, Pennsylvania.

3.       Defendant, Lowe's Home Center, LLC ("Lowes"), is a North Carolina limited liability company permitted to do business in Pennsylvania, with an address at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

4.       Defendant Troy regularly conducted business in Allegheny County, including in Shaler Township, through the use of various retail stores and their online marketplace and various

others, such as www.troybilt.com, to market, distribute, and sell its Troy-Bilt Bronco Lawn Tractor ("tractor").

5.     Defendant Lowe's regularly conducted business in Allegheny County and surrounding counties, through the use of various retail stores and their online marketplace www.lowes.com, to market, distribute, and sell various home improvement supplies, including but not limited to, lawn tractors, and specifically the at-issue Troy-Bilt Bronco Lawn tractor.

6.     At all relevant times, Defendant Troy is, among other things, a manufacturer, designer, seller, marketer and distributor of home improvement and lawn care products, including the at-issue tractor, and derives substantial revenue from placing such products into the stream of commerce.

7.     At all relevant times, Defendant Lowe's is, among other things, a seller, marketer and distributor of home improvement products, including the at-issue tractor, and derives substantial revenue from placing such products into the stream of commerce.

8.     At all relevant times, defendant Troy was in the business of designing, manufacturing, constructing, assembling, inspecting, distributing, selling, and advertising various lawn care products and tractors, including the at-issue tractor.

9.     On or about May 2017, Plaintiff purchased the at-issue Bronco Lawn Tractor, Model No. 13AL78BS023, from a Lowe's Home Improvement Store.

10.     On or about June 17, 2017, Plaintiff was using the at-issue tractor, as advertised and marketed by defendant, i.e. mowing lawns and driving the tractor on or about Centre Ave., when he released his foot off of the gas brake, but the tractor failed to reduce its speed.

11.     Plaintiff then attempted to press on the brakes, and when they failed to work properly, was unable to slow down the at-issue tractor, at which point the tractor continued to go downhill at an unsafe speed and unpredictable nature while Plaintiff was still aboard.

12.     Due to the excessive speed and inability for the tractor to reduce such speed or come to a stop, Plaintiff crashed the tractor and was thrown from the seat.

13.     As a direct and proximate result of defendant's negligence, defective product, unreasonably dangerous product, inadequate warnings, and breach of warranty, Plaintiff sustained the following injuries, some or all of which may be permanent:

    a.     Dislocation of his left shoulder;

    b.     Skin lacerations and burns;

    c.     Shoulder hairline fracture;

    d.     Bruises, contusions, abrasions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

    e.     Nervousness, emotional tension, anxiety and depression.

14.     As a direct and proximate result of Defendants' negligence, defective product, unreasonably dangerous product, inadequate warnings, and breach of warranties, Plaintiff sustained the following damages, some or all of which are or may be continuing:

    a.     Great and continuing pain and suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

    b.     He has been and may continue to incur large medical expenses for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines, attendant services, and other treatments;

    c.     Inability to enjoy various pleasures of life that he previously enjoyed;

    d.     Lost earnings and Plaintiff's earning capacity has been diminished;

    e.     Permanent disability; and

    f.     Loss and impairment of general health, strength and vitality.

**COUNT I**
*John D. Cain v. Troy-Bilt, LLC*
**Negligence**

15.     All preceding paragraphs are incorporated herein by reference.

16.     Defendant Troy had a duty to warn Plaintiff of the unreasonably dangerous and hazardous conditions created by the at-issue tractor.

17.     At all relevant times, Defendant Troy had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, research, examine, supply, provide proper warnings for, prepare for use and sell the at-issue tractor.

18.     Defendant Troy negligently and carelessly designed, manufactured, assembled, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, and marketed the at-issue tractor so that it was unreasonably dangerous and unsafe for the use and purpose for which it was intended, and for whom its use was intended.

19.     Defendant Troy had a duty to ensure that the at-issue tractor was safe, free from defects, and would not cause harm to or increase the risk of harm to their intended users or those in proximity to the product in use.

20.     Defendant Troy knew, or through reasonable inquiry should have known, that the at-issue tractor could cause serious injury due to the defective design, specifically the lack of properly functioning brakes, and/or braking components, and the inability for the tractor to be slowed down when pressure was taken off of the accelerating pedal on the tractor.

21.     The alleged incident was the direct and proximate result of Defendant Troy's negligence and carelessness, including the following particulars:

a. In failing to properly and adequately design, manufacture, assemble, test, market, sell and/or distribute the at-issue tractor for the safe use of its intended users;

b. In failing to design, manufacture, and assemble the at-issue tractor so that the brakes, and any related braking components thereof, would be functioning in a safe and proper manner;

c. In failing to design, manufacture, and assemble the at-issue tractor so that not pressing on the accelerating pedal would presumably slow the tractor down;

d. In failing to properly or adequately inspect the at-issue tractor in order to determine whether it could be used for its intended purpose without harm to those who use it, and/or are in close proximity to those who use it;

e. In failing to properly or adequately inspect the at-issue tractor as to prevent accidents from occurring;

f. In failing to provide sufficient warning as to the reasonably foreseeable dangers to those using the at-issue tractor;

g. In failing to provide sufficient warning as to the risks to be assumed to those using the at-issue tractor;

h. In failing to adequately warn Plaintiff that operating the at-issue tractor could result in serious bodily injury;

i. In failing to design, manufacture, and assemble the at-issue tractor so that it is not difficult to operate;

j. In failing to design, manufacture, and assemble the at-issue tractor so that it would have an alternate way to stop the tractor other than the brake pedal;

k. In failing to properly design the at-issue tractor in such a manner as would afford adequate protection from injury of foreseeable user(s) and those in proximity of the foreseeable user(s);

l. In failing to exercise due care and caution in the design, manufacture, and assembly of the at-issue tractor required under the circumstances, specifically in light of the approximate 20,000 injuries from lawn care vehicles a year;

m. In distributing a defective product to the general public and to Plaintiff;

n. In advertising a defective product to the general public and to Plaintiff; and

o.    In making false representations to Plaintiff that the product was safe for intended use, when in fact at-issue tractor was defective and in an unreasonably dangerous condition;

WHEREFORE, Plaintiff demands judgment against Defendant Troy in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

## COUNT II
### *John D. Cain v. Troy-Bilt, LLC*
### Strict Products Liability

22.    All preceding paragraphs are incorporated herein by reference.

23.    At all relevant times, Defendant Troy was in the business of designing, manufacturing, constructing, assembling, inspecting, testing, distributing, packaging, selling, and advertising the at-issue tractor and represented to Plaintiff, and the general public, that it was safe, non-defective, and generally suitable for its intended purpose.

24.    At all relevant times, and contrary to the representations made by Defendant Troy, the at-issue tractor was in a defective, hazardous, unsafe, and dangerous condition unfit for its intended users and unreasonably dangerous to Plaintiff and other users, including those in proximity to users, within the meaning of the Restatement (Second) of Torts § 402A at all times before the at-issue tractor was distributed.

25.    At all relevant times, the at-issue tractor was in a defective condition that was unknowable, unacceptable and unreasonably dangerous to the average or ordinary consumer, including Plaintiff.

26.    At all relevant times, the at-issue tractor was in an unreasonably dangerous condition, such that a reasonable person would conclude that the probability and seriousness of harm caused by the at-issue tractor injuring foreseeable users, and those in proximity of foreseeable

users while using the product as intended and advertised outweighs the burden or costs of taking precautionary measures in the design, manufacture, sale, advertisement, distribution and warnings of the at-issue tractor.

27.    The at-issue tractor as supplied to Plaintiff was in a defective condition, unreasonably dangerous and unsafe for its intended and reasonably foreseeable uses as contemplated by § 402A of the Restatement (Second) of Torts, in the following particulars:

a.    The at-issue tractor contained design defects, such that the tractor brakes were difficult to use, resulting in the inability to slow down or stop and run into objects;

b.    The at-issue tractor contained design defects, such that the tractor did not slow down or reduce its speed when pressure was applied to the brakes increasing the potential for injury;

c.    The at-issue tractor was ill-designed for its intended users of those of any age due to its difficulty to use and manage its speed accurately;

d.    The at-issue tractor was designed in such a way that it lacked adequate speed controls to ensure safety and to protect the user and those in proximity to user;

e.    The failure to properly or adequate inspect the at-issue tractor in order to determine whether it could be used for its intended purpose without causing injury to the user, and/or those in close proximity to the user;

f.    The warnings were defective in that they failed to disclose reasonably foreseeable dangers to users of the at-issue tractor;

g.    The warnings were defective in that they failed to adequately inform users of what to do if the controls do not work while operating the vehicle; and

h.    The at-issue tractor was in a defective condition when it was placed in the stream of commerce.

WHEREFORE, Plaintiff demands judgment against Defendant Troy in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

## COUNT III
### *John D. Cain v. Troy-Bilt, LLC*
### Breach of Implied Warranty

28.     All preceding paragraphs are incorporated herein by reference.

29.     Defendant Troy was in the business of manufacturing, distributing, and selling the at-issue tractor and was a merchant as defined under Article 2 of the Pennsylvania Uniform Commercial Code.

30.     At all relevant times, Defendant Troy designed, manufactured, constructed, assembled, inspected, tested, distributed, packaged, and/or sold the at-issue tractor, the tractor was subject to implied warranties to purchasers and intended users, including Plaintiff, as dictated by Article 2 of the Pennsylvania Uniform Commercial Code.

31.     Defendant Troy warranted that the at-issue tractor was merchantable, free from defects, and was fit, safe, and suitable for its ordinary and intended use.

32.     Contrary thereto, the at-issue tractor was in fact defective, dangerous, unsafe, and unfit for its ordinary and intended use.

33.     Plaintiff, in reasonable reliance that the at-issue tractor was fit for its ordinary purpose, used the tractor to perform services for his neighbor.

34.     As a direct and proximate result of Defendant Troy's breach of its implied warranty of merchantability, as set forth in 13 Pa.C.S. § 2314, Plaintiff suffered the injuries and damages set forth in the preceding paragraphs as a result of the aforementioned incident.

WHEREFORE, Plaintiff demands judgment against Defendant Troy in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

## COUNT IV
*John D. Cain v. Lowe's Home Centers, LLC*
**Negligence**

35.     All preceding paragraphs are incorporated herein by reference.

36.     Defendant Lowe's had a duty to warn Plaintiff of the unreasonably dangerous and hazardous conditions created by the at-issue tractor.

37.     At all relevant times, Defendant Lowe's had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, research, examine, supply, provide proper warnings for, prepare for use and sell the at-issue tractor.

38.     Defendant Lowe's negligently and carelessly designed, manufactured, assembled, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, and marketed the at-issue tractor so that it was unreasonably dangerous and unsafe for the use and purpose for which it was intended, and for whom its use was intended.

39.     Defendant Lowe's had a duty to ensure that the at-issue tractor was safe, free from defects, and would not cause harm to or increase the risk of harm to their intended users or those in proximity to product in use.

40.     Defendant Lowe's knew, or through reasonable inquiry should have known, that the at-issue tractor could cause serious injury due to the defective design, specifically the lack of properly functioning brakes and the inability for the tractor to be slowed down when pressure was taken off of the accelerating pedal on the tractor.

41.     The alleged incident was the direct and proximate result of Defendant Lowe's negligence and carelessness, including the following particulars:

a.    In failing to properly and adequately design, manufacture, assemble, test, market, sell and/or distribute the at-issue tractor for the safe use of its intended users;

b.    In failing to design, manufacture, and assemble the at-issue tractor so that the brakes, and any related braking components thereof, would be functioning in a safe and proper manner;

c.    In failing to design, manufacture, and assemble the at-issue tractor so that not pressing on the accelerating pedal would presumably slow the tractor down;

d.    In failing to properly or adequately inspect the at-issue tractor in order to determine whether it could be used for its intended purpose without harm to those who use it or are in proximity to those who use it;

e.    In failing to properly or adequately inspect the at-issue tractor as to prevent accidents from occurring;

f.    In failing to provide sufficient warning as to the reasonably foreseeable dangers to those using the at-issue tractor;

g.    In failing to provide sufficient warning as to the risks to be assumed to those using the at-issue tractor;

h.    In failing to adequately warn Plaintiff that operating the at-issue tractor could result in serious bodily injury;

i.    In failing to design, manufacture, and assemble the at-issue tractor so that it is not difficult to operate;

j.    In failing to design, manufacture, and assemble the at-issue tractor so that it would have an alternate way to stop the tractor other than the brake pedal;

k.    In failing to properly design the at-issue tractor in such a manner as would afford adequate protection from injury of foreseeable user(s) and those in proximity of the foreseeable user(s);

l.    In failing to exercise due care and caution in the design, manufacture, and assembly of the at-issue tractor required under the circumstances, specifically in light of the approximate 20,000 injuries from lawn care vehicles a year;

m.    In distributing a defective product to the general public and to Plaintiff;

n.    In advertising a defective product to the general public and to Plaintiff; and

o.    In making false representations to Plaintiff that the product was safe for intended use, when in fact at-issue tractor was defective and in an unreasonably dangerous condition;

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

<u>**COUNT V**</u>
*John D. Cain v. Lowe's Home Centers, LLC*
**Strict Products Liability**

39.    All preceding paragraphs are incorporated herein by reference.

40.    At all relevant times, Defendant Lowe's was in the business of designing, manufacturing, constructing, assembling, inspecting, testing, distributing, packaging, selling, and advertising the at-issue tractor and represented to Plaintiff, and the general public, that it was safe, non-defective, and generally suitable for its intended purpose.

41.    At all relevant times, and contrary to the representations made by Defendant Lowe's, the at-issue tractor was in a defective, hazardous, unsafe, and dangerous condition unfit for its intended users and unreasonably dangerous to Plaintiff and other users, including those in proximity to users, within the meaning of the Restatement (Second) of Torts § 402A at all times before the at-issue tractor was distributed.

42.    At all relevant times, the at-issue tractor was in a defective condition that was unknowable, unacceptable and unreasonably dangerous to the average or ordinary consumer, including Plaintiff.

43.    At all relevant times, the at-issue tractor was in an unreasonably dangerous condition, such that a reasonable person would conclude that the probability and seriousness of

harm caused by the at-issue tractor injuring foreseeable users, and those in proximity of foreseeable users while using the product as intended and advertised outweighs the burden or costs of taking precautionary measures in the design, manufacture, sale, advertisement, distribution and warnings of the at-issue tractor.

44.    The at-issue tractor as supplied to Plaintiff was in a defective condition, unreasonably dangerous and unsafe for its intended and reasonably foreseeable uses as contemplated by § 402A of the Restatement (Second) of Torts, in the following particulars:

a.    The at-issue tractor contained design defects, such that the tractor brakes were difficult to use, resulting in the inability to slow down or stop and run into objects;

b.    The at-issue tractor contained design defects, such that the tractor did not slow down or reduce its speed when pressure was applied to the brakes increasing the potential for injury;

c.    The at-issue tractor was ill-designed for its intended users of those of any age due to its difficulty to use and manage its' speed accurately;

d.    The at-issue tractor was designed in such a way that it lacked adequate speed controls to ensure safety and to protect those in proximity to user;

e.    The failure to properly or adequate inspect the at-issue tractor in order to determine whether it could be used for its intended purpose without causing injury to the user or those in proximity to the user;

f.    The warnings were defective in that they failed to disclose reasonably foreseeable dangers to users of the at-issue tractor;

g.    The warnings were defective in that they failed to adequately inform users of what to do if the controls do not work while operating the vehicle; and

h.    The at-issue tractor was in a defective condition when it was placed in the stream of commerce.

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

**COUNT VI**
*John D. Cain v. Lowe's Home Centers, LLC*
**Breach of Implied Warranty**

45.     All preceding paragraphs are incorporated herein by reference.

46.     Defendant Lowe's was in the business of manufacturing, distributing, and selling the at-issue tractor and was a merchant as defined under Article 2 of the Pennsylvania Uniform Commercial Code.

47.     At all relevant times, Defendant Lowe's designed, manufactured, constructed, assembled, inspected, tested, distributed, packaged, and/or sold the at-issue tractor, the tractor was subject to implied warranties to purchasers and intended users, including Plaintiff, as dictated by Article 2 of the Pennsylvania Uniform Commercial Code.

48.     Defendant Lowe's warranted that the at-issue tractor was merchantable, free from defects, and was fit, safe, and suitable for its ordinary and intended use.

49.     Contrary thereto, the at-issue tractor was in fact defective, dangerous, unsafe, and unfit for its ordinary and intended use.

50.     Plaintiff, in reasonable reliance that the at-issue tractor was fit for its ordinary purpose, used the tractor to perform services for his neighbor.

51.     As a direct and proximate result of Defendant Lowe's breach of its implied warranty of merchantability, as set forth in 13 Pa.C.S. § 2314, Plaintiff suffered the injuries and damages set forth in the preceding paragraphs as a result of the aforementioned incident.

WHEREFORE, Plaintiff demands judgment against Defendant Lowe's in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other relief permitted by the Court.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

Peter D. Friday, Esquire
Pa I.D. # 48746

Ian M. Watt, Equire
Pa I.D. # 324364
*Attorneys for Plaintiff*

Friday & Cox, LLC
1405 McFarland Road
Pittsburgh, Pennsylvania 15216
Tele:  (412) 561-4290
Fax:   (412 )561-4291
iwatt@fridaylaw.com

## **VERIFICATION**

I, John D. Cain, being duly sworn according to law, depose and say that the facts contained in the foregoing are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.


7/14/22
**Date**

**John D. Cain**

## CERTIFICATE OF SERVICE

I hereby certify that on July 19th, 2022, a true and correct copy of the foregoing

*Complaint*   was served by First Class U.S. Mail and/or electronic mail upon the following:

Frederick W. Bode, III
Dickie, McCamey & Chilcote, P.C
TWO PPG PLACE
SUITE 400
PITTSBURGH, PA 15222
Email:  rbode@dmclaw.com
*(Counsel for Defendants)*

Friday & Cox LLC

By: _____
Ian M. Watt, Esquire
PA. I.D. #324364
iwatt@fridaylaw.com

Peter D. Friday, Esquire
PA I.D. # 48746

Attorneys for the Plaintiffs
Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Phone: (412) 561-4290
Fax:    (412) 561-4291